UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.

LOIS RACANIELLO and JERRY RACANIELLO, her husband

  Plaintiff,

v.

THE FRESH MARKET, INC., a Foreign Profit Corporation, and JOHN DOE, individually,

  Defendants.

## NOTICE OF REMOVAL

Defendant, THE FRESH MARKET, INC., a Foreign Profit Corporation, (hereinafter "FRESH MARKET" and/or "Defendant") files this Notice of Removal to remove the foregoing cause to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and respectfully shows this Court the following:

### I. STATEMENT OF THE GROUNDS FOR REMOVAL

This Notice of Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et seq*.

### II. BASIS FOR DIVERSITY JURISDICTION

1. Plaintiffs, LOIS RACANIELLO and JERRY RACANIELLO ("Plaintiffs"), commenced this civil action in the 15th Judicial Circuit Court In And For Palm Beach County, Florida styled LOIS RACANIELLO and JERRY RACANIELLO, her husband, v. THE FRESH MARKET, INC., a Foreign Profit Corporation, and JOHN DOE, individually, CASE NO. 2014 CA 007813 AO (the "Action").  Attached hereto as Exhibit "1" is a copy of said Complaint.

2. FRESH MARKET was served with the Complaint on or about July 1, 2014. FRESH MARKET'S fraudulently joined employee store manager, JOHN DOE, has not been identified or served to date.[1] No other defendant exists or has been known to be served before said date or since. Therefore, the time for removal did not begin to run until said date. Attached hereto as part of Exhibit "1" is the service proof of said Complaint. Undersigned counsel for FRESH MARKET and DOE received the Complaint on or about July 8, 2014.

3. While the Complaint is highly vague and ambiguous, this is an alleged personal injury case in which FRESH MARKET is alleged to have been negligent because of an alleged unknown and undescribed dangerous condition related to a pumpkin at a FRESH MARKET store located at 20409 S.R. 7, Boca Raton, Florida. In short, Plaintiff alleges that on or about October 19, 2012 she was permanently injured when she was caused to "slip and/or trip and fall" because of said vague, ambiguous, unknown and unspecified dangerous pumpkin condition.[2] Subsequently, Plaintiff alleges a host of legal conclusions centered around the aforesaid main allegation that FRESH MARKET knew about the undescribed dangerous condition.

4. Most importantly, the Complaint fraudulently joins the employee store manager, DOE, in the effort to defeat diversity jurisdiction. DOE's general employment responsibilities and duties, which include rendering grocery services to customers, do not permit a finding of "active negligence" against DOE, individually, for an undescribed condition related to a pumpkin on the floor in the store. As an employee of FRESH MARKET, DOE cannot be held personally liable simply because of her general employee duties or administrative responsibility for performance of

---

[1] Defendant has not and does not accept service on behalf of the unidentified and fraudulently joined John Doe. John Doe has not been served with any process to date. DOE hereby reserves all rights and defenses.

[2] See Complaint, paragraphs 6, 8 and 10.

some function of her employment. The Complaint does not allege personal (as opposed to technical or vicarious) fault by her and she was clearly named as a litigation tactic to avoid removal. Thus, DOE has no real/practical connection to this matter other than named in an attempt to avoid removal of this matter to this Court and Plaintiff has no legitimate cause of action against her and she should be dismissed from suit. See *Pritchard v. Wal-Mart Stores, Inc.*, 2009 U.S. Dist. LEXIS 18593 (M.D. Fla. 2009)(no evidence supporting negligence claims against employee; Court finds that there is no evidence to support a claim against employee as actively negligent, and as such, Court finds that employee Gunderjahn is fraudulently joined); See *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)(when plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court; plaintiff is said to have effectuated a fraudulent joinder); See *Margaret Droessler v. Wyeth-Ayerst Laboratories*, 64 F.Supp.2d 1265 (S.D. Fla. 1999)(defendant's right of removal cannot be defeated by a fraudulent joinder of a resident having no real connection to the controversy); See *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284 (11th Cir. 2001); See *Diaz v. Kaplan Univ.*, 567 F. Supp. 2d 1394, 1407 (S.D. Fla. 2008)(Court may sever any claim against a party, including parties joined for the purpose of preventing removal to federal court; misjoinder will have the same effect as fraudulent joinder; plaintiff added slander claim against defendant Wilcox for the purpose of defeating federal jurisdiction. The slander claim against Defendant Wilcox is separate from the claims against corporate defendants and is not one for which Plaintiff seeks a joint judgment against the defendants); See *Valerio v. SmithKline Beecham Corp.*, 2008 U.S. Dist. LEXIS 60242 (S.D. Fla. 2008) (denial of motion to remand); See *Masterson v. Apotex Corp.*, 21 Fla. L. Weekly Fed. D 545 (S.D. Fla. 2008) (The plain language of 28 U.S.C.S. § 1441(b) requires the resident defendant to be "properly joined and served" to defeat removal).

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

5.      A defendant is fraudulently joined when either "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently plead jurisdictional facts to bring the resident defendant into state court." S*tillwell v. Allstate Ins. Co.*, 663 F.3d 1329,1332 (11th Cir. 2011) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). With respect to establishing causes of action against employees, "an officer or agent of a business may be held personally liable for a plaintiff's injuries only if he is actively negligent, not simply because of his general administrative responsibility for performance of some function of his employment." *Thomas v. Big Lots Stores, Inc.*, No. 8:11-cv-673-T-33AEP, 2011 WL 3035269, at *2 (M.D. Fla. Jul. 25, 2011); see also *White v. Wal-Mart Stores, Inc.*, 918 So.2d 357, 358 (Fla. 1st DCA 2005) (an officer or agent may not be held personally liable simply because of his general administrative responsibility for performance of some function of his or her employment – he or she must be actively negligent).

6.      Here, there is no possibility that plaintiff can establish a cause of action against DOE because DOE was not actively negligent based on the facts alleged in the Complaint.[3] In *Stephens v. Petsmart, Inc.,* No. 8:09-cv-815-T-26TBM, 2009 WL 3674680 (M.D. Fla. Nov. 3, 2009), the court indicated: "In Florida, there is no recognized cause of action for an in absentia claim of negligent failure to maintain the store because Florida law requires that a corporate officer or agent may be personally liable for negligence only if he or she participates in the tortious conduct." the *Stephens* court held that joinder of the store manager was fraudulent even though the store manager was at the store because "he had no knowledge of the dangerous condition and **did not participate in the incident**" *Id*. (**emphasis supplied**). Here, DOE did not contribute to the purported falling of the

---

[3] Even if Plaintiff amended the Complaint to assert a conclusory allegation of active negligence on the part of DOE, such pleading allegation would be a nullity and legally void "ab initio" and "absque hoc" because of the fraudulent joinder.

- 4 -

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

alleged pumpkin; DOE was not responsible for inspecting the aisle ways for purported undescribed pumpkin conditions; DOE was certainly not responsible for cleaning or posting warning signs regarding undescribed pumpkins on the floor; and DOE was not responsible for any construction of the store. Plaintiff cannot establish active negligence or a connection on the part of DOE to the subject incident. "A defendant's right to removal cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." *Thomas,* No. 8:11-cv-673-T-33AEP, 2011 WL 3035269, at *2. Accordingly, based on the fraudulent joinder of DOE, there is complete diversity in this matter between Plaintiff and FRESH MARKET.

7. Undersigned counsel received a copy of said Complaint on July 8, 2014 and advised Plaintiff of Defendant's intention to remove this action. Undersigned counsel also prepared a Motion for Extension of Time to Respond to the Complaint citing how this case would be removed. Attached hereto as part of Exhibit "2." Undersigned counsel further prepared the proposed Joint Stipulation On Alleged Damages for signing by Plaintiff's counsel.  Attached hereto as part of Exhibit "2" is the proposed Joint Stipulation On Alleged Damages for signing by Plaintiff's counsel. Plaintiff's counsel refused to execute the Joint Stipulation on Alleged Damages.  One of the main basis of the Joint Stipulation was to cap alleged damages and thus preclude removal of this matter to federal court.

8. Defendant FRESH MARKET seeks removal to the Southern District of Florida, the District in which the action is now pending.

9. This Notice is filed within thirty (30) days of the date that FRESH MARKET first received a copy of the Complaint and determined that the action was removable.  Therefore, this Notice is filed in compliance with 28 U.S.C. § 1446(b).

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

10. Following the filing of this Notice with this Court, written notice of the filing of same will be provided to the attorney for Plaintiff as required by law.

11. Following the filing of this Notice with this Court, a true and accurate copy of the same will be filed with the Clerk of Court of the 15th Judicial Circuit Court In And For Palm Beach County, Florida as required by law.

12. Attached to this Notice as part of Exhibit "1" is a true and legible copy of all process, pleadings, orders and other papers or exhibits of every kind on file in the State Court.

13. This Court has removal jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1441(a). This Court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1332.

14. The Complaint states only that Plaintiff seeks damages in excess of the jurisdictional limits of the Florida Circuit Court. The damages available to Plaintiff if she prevails are not limited in any fashion, however. Plaintiff alleges that as a result of the alleged negligence, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning and loss of ability to earn money and aggravation of a pre-existing condition. In addition, Plaintiff alleges that her losses are either permanent or continuing in nature and that Plaintiff will suffer losses and impairment in the future. Plaintiff is also claiming loss of consortium. Defendant has requested medical and billing records from Plaintiff for purposes of further demonstrating that Plaintiff's damages claim is in excess of $75,000. In summary, the limited medical records received to date indicate that Plaintiff has incurred a medical lien of at least $12, 374.13 based on $77, 961.96 of totaled billed medical services. Plaintiff allegedly sustained the

- 6 -

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

following severe injuries as a result of the subject incident: fractured nose, septal hematoma, edema, and deviated septum.  *See* Exhibit "3" limited redacted medical records.

15. Florida jury verdict searches, for similar injuries consisting of fractured nose, septal hematoma, edema, and deviated septum demonstrates that the verdict awards greatly exceed the amount in controversy requirement of $75,000.00. See HERNANDEZ vs. METROPOLITAN DADE COUNTY, FJVR Reference No. 99:3-26 (1998)(Jury award of $92,800, including $85,800 for Plaintiff, $24,000 - past medical expenses and lost wages; $ 1,800 - future medical expenses; $ 50,000 - past pain and suffering; $ 10,000 - future pain and suffering; $ 7,000 for Husband: $ 6,000 - past loss of consortium; $ 1,000 - future loss of consortium for injuries consisting of four fractures to the nose requiring plastic surgery); MCGHEE vs. AIMCO, Case No. 98-007557CI19 (Pinellas County 2001) (Jury award of $78,500.00 for injuries consisting of a nose fracture requiring outpatient sinus surgery); and NOYES v. CROSSLAND, 2001 FL Jury Verdicts Review LEXIS 2983 (Palm Beach County 2001) (Jury award of $226,667.00, including $1,667 in past medical expenses; $25,000 in past pain and suffering and $200,000 in future pain and suffering for injuries consisting of fracture of his nose with permanent damage to the olfactory nerve permanent anosmia). *See* Exhibit "4" Jury Verdict Reports.

16. Additionally, Plaintiff's pre-suit demand of November 20, 2013 contains a settlement demand of $250,000.00 and is further evidence that the $75,000.00 amount in controversy requirement is satisfied.  *See* pre-suit demand letter attached as Exhibit "5."

17. Further, Plaintiff's counsel refused to execute a proposed Joint Stipulation On Alleged Damages limiting alleged damages to $75,000.00 or less and thus avoiding this removal. In short, based on these allegations the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

18. Plaintiffs are citizens of Florida[4] and the Defendant is a Delaware corporation with its principal place of business located at 628 Green Valley Road, Suite 500, Greensboro, NC 27408. FRESH MARKET is therefore a citizen of the State of North Carolina for purposes of diversity jurisdiction.

19. Accordingly, there is complete diversity of citizenship between the actual and real parties, the requirements of 28 U.S.C. § 1441(b) have been met since Defendant is not a citizen of Florida, the State in which this action was brought. Thus, this Court has removal jurisdiction on the face of the Complaint based upon diversity of citizenship.

### III.  CONCLUSION

The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Complete diversity exists because Plaintiffs whom are citizens of Florida and Defendant whom is a citizen of North Carolina. Accordingly, Defendant FRESH MARKET respectfully request that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1332, *et seq.*, and 28 U.S.C. § 1441, *et seq.*

Respectfully submitted,

s/Michael Alexander Garcia
Michael Alexander Garcia
Fla. Bar No. 0161055
Email: mgarcia@fowler-white.com
FOWLER WHITE BURNETT, P.A.
Espirito Santo Plaza, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201

---

[4] *See* Complaint, ¶ 2.

- 9 -

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2014, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Michael Alexander Garcia
Michael Alexander Garcia

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

## SERVICE LIST

CASE NO.

Guy C. Incangelo, Jr., Esq.
Fla. Bar. No. 63959
Email: gicangelo@800goldlaw.com
LAW OFFICES OF CRAIG GOLDENFARB, P.A.
2090 Palm Beach Lakes, Blvd.
Suite 402
West Palm Beach, FL 33409
Telephone: (561) 697-4440
Facsimile: (561) 687-1950
*Counsel for Plaintiff*

4819-6617-2956, v.  1